611 F.2d 32
 1980-1 Trade Cases 63,078
 AL BARNETT & SON, INC., on behalf of itself and all others
similarly situated, Marine Wholesale, Inc., Tri State
Marine, Inc., Shane's Marine & Hardware Corporation, on
behalf of themselves and all others similarly situated,
Gochenaur Marine Co., Paxton Company, Seth Smith Boat Works,
Inc., Inland Marine Supply Co., Diversified Products Co.,
William H. Whiting Company, General Marine Supply, Inc.,
Marine Hardware & Supply, Inc., Jacksonville Marine Supply,
Inc., Kellogg Marine, Inc., Roberts Hardware Co., Inc.,
Keller Marine Service, Inc., Ray Marine Distributing Co.,
Marine Equipment & Supply Co., Howard H. Baker & Co., Inc.,
Paul's Boat Supply, Inc., Vita Plate Distributors, F.
Dougherty & Associates, Inc., Marine Hardware Co., Inc., Oj.
Marine Supply, Inc., Marine Engine Gasket & Parts, Central
Marine Supply, Inc., Beacon Supply Co., Inc., Hardware &
Marine Co. of Ala., Inc., Norfolk Marine Distributing Co.,
Inc., Ocean Propeller Co., Inc., South Marine Supply, Inc.
v.
OUTBOARD MARINE CORPORATION, Robert Hardware Co., Inc.,
Wilson Transport Supply, Inc., Marine Hardware Co., Inc.,
Marine Engine Gasket & Parts Co., and Norfolk Marine
Distributing Co., Inc., Appellants.
 No. 78-2443.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 11, 1979.
Decided Dec. 14, 1979.
 
 Thomas A. Masterson (argued), John M. Phelan, Joseph H. Huston, Jr., Morgan, Lewis & Bockius, John T. Synnestvedt, Synnestvedt & Lechner, Philadelphia, Pa., Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., for appellants.
 David J. Armstrong (argued), M. Richard Dunlap, George E. McGrann, Dickie, McCamey & Chilcote, Pittsburgh, Pa., William O. LaMotte, III, William H. Sudell, Jr., John F. Johnston, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for appellees.
 Before ALDISERT and HUNTER, Circuit Judges, and MEANOR, District Judge.*
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 Appellants, five wholesale distributors of marine products, appeal from an order of the district court dismissing their claims for relief with prejudice under Rule 37(d) of the Federal Rules of Civil Procedure[1] for failing to comply with discovery requests. Appellants contend that application of Rule 37's harshest penalty was an abuse of discretion. They also contend that it was based, at least in part, on their failure to answer interrogatories which was precipitated by an allegedly erroneous ruling under Rule 33(c) of the Federal Rules of Civil Procedure.[2]
 
 
 2
 The district court entered final judgment against the five appellants and, because twenty-seven other plaintiffs remain in the action, followed the requirements of Rule 54(b) of the Federal Rules of Civil Procedure,[3] and expressly determined that no just reason existed for delaying appeal of the dismissal.[4] In addition to reviewing the Rule 37 and Rule 33(c) rulings, appellants seek review of an order of the district court that denied class certification under Rule 23.[5] For the reasons set forth below, we find no error in the district court's discovery rulings under Rules 37 and 33(c) and we decline appellants' invitation to review the denial of class certification at this time.
 
 I. Background:
 
 3
 This appeal emanates from a civil antitrust action originally brought by five plaintiffs against Outboard Marine Corporation, the largest producer of outboard motors in the United States, for allegedly tying its brand of remote control cables, fuel tanks, propellers and remote control boxes to the sale of Evinrude and Johnson outboard motors in violation of section 1 of the Sherman Act and section 3 of the Clayton Act, 15 U.S.C. §§ 1, 14 (1976). After class certification had been denied, see Barnett & Son, Inc. v. Outboard Marine Corp., 64 F.R.D. 43 (D.Del.1974), the appellants were among twenty-seven plaintiffs who intervened in the action seeking damages and injunctive relief under sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26 (1976).
 
 
 4
 The defendant initiated discovery by serving interrogatories requesting financial information as to actual damages and liability. The plaintiffs sought to invoke Rule 33(c) and to produce business records in response to the interrogatories, but the trial court ordered them to extract the information from the records and to provide actual answers to the defendant. Appellants did not. After issuing three orders to appellants to provide actual answers, the district court, pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure,[6] penalized anyone "unwilling" to comply by prohibiting them from introducing into evidence any financial data relating to the issue of damages. Subsequently each appellant filed a certificate with the trial court stating "inability" to answer the interrogatories in the manner directed. None of the certificates filed with the court explained why the appellant was unable to answer with actual financial data abstracted from its business records. All of the plaintiffs, except the appellants, however, complied with the order of the district court directing them to provide actual answers to the interrogatories.
 
 
 5
 Defendant undertook the next phase of discovery by noticing depositions as to each plaintiff. One week prior to the date scheduled for their depositions, appellants' counsel notified defendant's attorneys that none of the appellants' representatives would appear. Defendant then sought an order from the district court dismissing them from the action for failing to comply with discovery. After considering the overall discovery history of the appellants their failure to answer interrogatories, to appear at scheduled depositions, to produce for inspection documents requested by defendant the court found that the appellants intentionally failed and refused to respond to proper discovery demands and dismissed their claims with prejudice under Rule 37(d), Federal Rules of Civil Procedure.[7]
 
 
 6
 II. The Rule 33(c) Ruling.
 
 
 7
 Before reviewing the Rule 37 dismissal, we must first review the district court's ruling under Rule 33(c), which appellants claim prevented them from answering the interrogatories. Rule 33(c) provides that where the answer to an interrogatory may be derived from business records, if the burden of ascertaining the information is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to specify and make available the records. The trial court's factual finding as to whether the respective burdens are substantially the same for each party will be upheld unless it is clearly erroneous. See Fed.R.Civ.P. 52(a); Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221, 227 (10th Cir.), Cert. denied 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976).
 
 
 8
 Evidence in the record supports the district court's finding that the burden of extracting the information from the business records would be greater on the party serving the interrogatory than on the party served. Many of the records were hand written, and apparently difficult to read. The district court further observed that each party served with interrogatories was more familiar with his bookkeeping methods and records than was the defendant.[8] This evidence, amply supports the finding that the burdens were not substantially the same. Therefore, the Rule 33(c) ruling shall be upheld.
 
 
 9
 III. Rule 37(d).
 
 
 10
 Appellants advance the argument that it was error for the trial court to penalize them with a Rule 37(d) dismissal without first ordering them to appear for their scheduled depositions. Rule 37 sanctions are contemplated when there has been virtually total noncompliance with discovery. Notes of Advisory Committee on Rules, Rule 37, 28 U.S.C.A. (1979 Supp.). Yet, a direct order by the Court, as Rule 37(a) and (b) requires, is not a necessary predicate to imposing penalties under Rule 37(d). See Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975). When it has been determined that a party has wilfully failed to comply with the rules of discovery, it is within the discretion of the trial court to dismiss the action. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); G-K Properties v. Redevelopment Agency, Etc., 577 F.2d 645, 647 (9th Cir. 1978). Litigants may oppose discovery requests by seeking a protective order from the court, Cine Forty-Second Street Theatre v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068-69 (2d Cir. 1979) (Oakes, J., concurring); they cannot be permitted to frustrate discovery by refusing to comply with a proper request. For courts to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to "encourag(ing) dilatory tactics." Id. at 1068 (Kaufman, J.) The dismissal sanction, although severe, is a necessary tool, both to punish in the individual action and to deter future abuses of the discovery process. National Hockey League v. Metropolitan Hockey Club, supra; Renfrew, Discovery Sanctions: A Judicial Perspective, 67 Calif.L.Rev. 264 (1979). Moreover, with the increasedly complex and numerous cases that comprise the federal docket, courts can no longer indulge the "deliberate tactical intransigence . . . responsible for the interminable delays and costs that plague . . . lawsuits" to the detriment of both opponent and nonopponent litigants. Cine Forty Second Street Theatre v. Allied Artists, 602 F.2d 1062, 1067 (2d Cir. 1979).
 
 
 11
 In the present action, the trial judge dismissed the appellants after providing them with the opportunity to explain their failure to attend their depositions as scheduled. Appellants stated that they believed the depositions would address the issue of actual damages, the issue they had refused to answer in interrogatories, and since they were precluded from proving damages under a prior court sanction, they refused to be deposed on that issue. The proper way to prevent such an occurrence would have been to seek a protective order from the court. Fed.R.Civ.P. 26(c). The trial court reviewed the appellants' history over the discovery phase of the litigation, See Link v. Wabash R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and noted their repeated failure to answer interrogatories as directed, their refusal to appear for depositions, and their failure to produce documents as stipulated. The full record reveals a course of conduct that frustrates the fundamental purpose underlying the discovery rules to provide adequate information to litigants in civil trials. See Schlagenhauf v. Holder, 379 U.S. 104, 114-15, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).
 
 
 12
 It is true that dismissal prevents appellants from presenting their claims for relief at trial, nonetheless, the appellants, having flagrantly ignored their discovery obligations, have brought this sanction upon themselves. Adhering firmly to the view that "judges should not hesitate to exercise appropriate control over the discovery process" we hold that the appellants' claims were properly dismissed from the action. See Herbert v. Lando, 441 U.S. 153, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979).
 
 IV.
 
 13
 Given our conclusion that dismissal of appellants from the action was proper, they do not have standing to seek review of the class certification ruling. Warth v. Seldin, 422 U.S. 490, 498-502, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1974). Therefore, we decline to address that issue.
 
 
 14
 The judgment of the district court will be affirmed.
 
 
 
 *
 Honorable H. Curtis Meanor, of the United States District Court for the District of New Jersey, sitting by designation
 
 
 [1]
 Fed.R.Civ.P. 37(d) authorizes courts to apply the sanctions enumerated in (A), (B), or (C) of Rule 37(b)(2) "(i)f a party or an officer, director, or managing agent of a party, . . . fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice . . .." The district court in dismissing the five appellants from the pending litigation applied the sanction authorized by Rule 37(b)(2)(C) which permits the court to dismiss "the action . . . or any part thereof."
 
 
 [2]
 Rule 33(c) of the Fed.R.Civ.P. provides in relevant part that
 "(w)here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination . . . or summary based thereon, and the burden of deriving . . . the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer . . . may be derived . . .."
 Of course the party served with the interrogatory must specify that the supplied records contain the desired information and cannot simply supply documents with an indication that they may or may not contain the information sought when this method to answer is used. Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221 (10th Cir.), Cert. denied, 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976).
 
 
 [3]
 Rule 54(b) applies when there is at least one final judgment in an action containing multiple claims or involving multiple parties and permits a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
 
 
 [4]
 Appellees have moved to dismiss the appeal on the ground that the criteria of Rule 54(b) were not met. We disagree. The court directed entry of final judgment and expressly determined that no just reason for delay existed, thereby meeting the criteria of Rule 54(b). The district court's motivation to invoke the early review of Rule 54(b) in order to avoid the possibility of conducting a second trial as to these five appellants in the event this court were to reverse their dismissal does not taint the propriety of review under Rule 54(b). Judicial economy is facilitated by deciding now whether these five litigants were properly dismissed for failing to comply with discovery
 
 
 [5]
 The order denying class certification is reported at 64 F.R.D. 43 (D.Del.1974)
 
 
 [6]
 Rule 37(b)(2)(B) permits a court in which the action is pending to penalize a party who fails to make discovery by prohibiting the disobedient party from introducing designated matters into evidence
 
 
 [7]
 See note 1, Supra
 
 
 [8]
 The reason for the court's precluding resort to Rule 33(c)'s alternate method of answering was explicitly stated:
 "(T)he thirty-two plaintiffs are more familiar with their own books and records and consequently by no stretch of the imagination can it be said that the burden for the defendant in abstracting the information sought is 'substantially the same' for the plaintiffs. Therefore, plaintiffs' Rule 33(c) objection to these interrogatories is rejected . . . ." The court correctly compared the burden that the party served would face in extracting the information with the burden that the serving party would undergo and concluded that it would be easier for the party served to go through its own business records and abstract the information sought.