ALEXANDER, Adrienne, On her own behalf and on behalf of all others similarly situated, Appellant,

v.

GINO'S, INC.

No. 79–2255.

United States Court of Appeals, Third Circuit.

Argued March 20, 1980.

Decided May 5, 1980.

---

Germaine Ingram (Argued), Harold I. Goodman, Community Legal Services, Philadelphia, Pa., for appellant.

Robert M. Bourke (Argued), Bourke & Romanow, Avon, Conn., William L. Muttart, Jr., King of Prussia, Pa., for appellee.

Before SEITZ, Chief Judge, and WEIS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The plaintiff appeals from the final judgment of the district court in this Title VII sex discrimination suit in which the court denied the plaintiff's motion for class certification and rejected her claims on the merits.

### I.

The defendant is engaged in the fast food business. The plaintiff, a white female, was first hired by the defendant in 1972 as an assistant manager in the Washington, D.C., area. In January of 1974, she was transferred to Philadelphia, still as an assistant manager. During her time as an assistant manager, the plaintiff consistently received an "A" rating, the highest possible.

In the fall of 1974, a white male in the plaintiff's region was promoted from assistant manager to unit manager. The plaintiff then filed a sex discrimination charge with the Pennsylvania Human Relations Commission. In February of 1975, the plaintiff was promoted to unit manager. Although her rating dropped to "B," in early 1977 it returned to "A."

After her promotion, the plaintiff remained at the same store. She became dissatisfied because she felt the employees had difficulty adjusting to her new position and because the store had a low sales volume, which she considered an impediment to further advancement. In early 1976, the plaintiff began bringing these matters up with the area manager. In January of 1977, the plaintiff and nine other unit man-

agers were transferred, and her new store had an even lower sales volume.

On May 15, 1977, the plaintiff was in charge of the day shift. At the end of the shift, she left the store with $300 to be deposited at the night depository at the local bank. The next day, it was discovered that the bank could not account for this $300. On May 17, the plaintiff was suspended, and the defendant began an investigation. On May 22, the plaintiff was permitted to resign instead of being discharged.

After the EEOC dismissed her charge, the plaintiff filed this suit claiming sex discrimination in the defendant's hiring, promotion, and discharge practices. The plaintiff sought certification of a class of all past and future victims of these three practices. Prior to trial, the district court denied class certification on all three claims. The plaintiff subsequently abandoned the hiring claim.

After trial, the district court reconsidered class certification and once again denied it. It also found that the plaintiff's individual discharge and promotion claims were without merit. This appeal followed.

## II.

We have reviewed all of the contentions concerning the district court's disposition of the merits of the plaintiff's individual claims and find no error. We therefore turn to the denial of class certification.

## III.

### A.

■ Initially, we must consider whether a named plaintiff who has lost her individual claims on the merits has standing to appeal the denial of class certification. The recent decision of *United States Parole Commission v. Geraghty*, —— U.S. ——, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), requires us to conclude that such a plaintiff has standing.

In *Geraghty*, the plaintiff, who was challenging parole guidelines, was released from prison, making his individual claim

moot. The Supreme Court concluded that he still had a sufficient "personal stake" in class certification to satisfy the case or controversy requirement of article III. The Court characterized this "personal stake" as follows:

> Although the named representative receives certain benefits from the class nature of the action, some of which are regarded as desirable and others as less so, these benefits generally are by-products of the class action device. In order to achieve the primary benefits of class suits, the Federal Rules of Civil Procedure give the proposed class representative the right to have a class certified if the requirements of the rules are met.
>
> .  .  .
>
> .   .   . The imperatives of a dispute capable of judicial resolution are sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions.   .  .  . We conclude that these elements can exist with respect to the class certification issue notwithstanding the fact that the named plaintiff's claim on the merits has expired.

*Id.* at ——, 100 S.Ct. at 1212 (footnotes and citations omitted).

Here, the plaintiff is a self-interested party pointing to the concrete factual situation of the defendant's employment practices. Both parties vigorously contest the class certification issue under the Federal Rules of Civil Procedure. Because we can perceive no reasoned distinction between the personal stake of a person whose claim is mooted and one whose claim is without substantive merit, we hold that *Geraghty* confers standing on the plaintiff here to appeal the denial of class certification. To the extent that our decision in *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir. 1979), indicates a contrary result, *see id.* at 36, we do not believe it survives *Geraghty*.

### B.

As noted in *Geraghty*, the question of whether the requirements of Fed.R.Civ.P.

23 are satisfied is analytically distinct from the question of whether the named plaintiff has standing to appeal denial of class certification. *See* —— U.S. at ——, 100 S.Ct. 1202. We need not decide, however, whether the plaintiff who has a meritless claim can satisfy the requirements of rule 23(a)(3) and (4)—which deal with the typicality of the plaintiff's claim and the adequacy of representation. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). Because the district court did not rely on the merits of the plaintiff's claims in its discussion of certification, we express no view on the question.

The district court held that this case did not satisfy the requirements of rule 23(a). Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

■ The prerequisites of 23(a) are mandatory. If the "district court appropriately applied the criteria of Rule 23(a), the scope of our review is whether the trial court [abused] its broad discretion." *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 245 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Thus we must determine whether the district court correctly assessed the promotion and discharge claims as they relate to rule 23(a). We also note that the posture of this case is significant. Here, the district court reconsidered the denial of certification after it gave the plaintiff full opportunity at trial to prove the elements of rule 23(a).

■ Turning to the discharge claim, the plaintiff's complaint and the defendant's answer to the interrogatories reveal that approximately 44 women either resigned or were discharged during the 1977–1978 period. No other facts appear in the pretrial record. At trial, the plaintiff had three women testify as to the termination of their employment. Of these, one stated that she left in part because of scheduling problems and work load, another testified that she quit because the defendant believed the "lie" of another employee, and the third was discharged during the seventh week of the training period for failing to meet the defendant's standards.

The district court concluded that the facts of each case were too particularized. In effect, it held that the plaintiff had failed to show that there were common issues of law or fact within the meaning of rule 23(a)(2) and that the plaintiff's claim was so unique that it was not typical within the meaning of rule 23(a)(3).

The district court's application of (a)(2) and (a)(3) was proper. The district court did not, as the plaintiff seems to suggest, hold that the proposed class was too small in number to justify certification. Instead, the district court found that the claims were so individualized that certification was improper. It emphasized that two of the witnesses had resigned in part for personal reasons, one was discharged for unsatisfactory performance during the training period, and the plaintiff was permitted to resign in connection with an incident involving missing funds. Given that the court heard all of the evidence, including the witnesses, we cannot say that its holding amounted to an abuse of discretion.

As to the promotion claim, the district court found that the plaintiff was in conflict with the proposed class due to her ability to influence promotion decisions, making her representation inadequate under rule 23(a)(4), and that the plaintiff had failed to specify any member of the proposed class involving promotion. We need not consider the first finding because the second was a sufficient ground for the result reached by the district court.

■ The complaint fails to name a single individual within the class. As to the evidence at trial, the district court noted that the testimony of the three witnesses of-

fered as potential members of the class related to the termination of their employment. The court concluded: "The circumstances described by each have no relevance to the issue of whether the defendant's promotion policies were discriminatory." Thus the district court did not find that the class was too small but that the plaintiff had failed to even show that one existed. Given that after trial the plaintiff failed to identify a single member of the class, we find no abuse of discretion. *See Scott v. University of Delaware*, 601 F.2d 76, 88–89 (3d Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979); *Manning v. Princeton Consumer Discount Co.*, 533 F.2d 102, 104 (3d Cir.), *cert. denied*, 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144 (1976).

The plaintiff argues that the "across the board" theory requires certification of both the discharge and promotion classes. The essence of that theory is that the named plaintiff may challenge conduct affecting the class even if he himself has not been affected by the conduct. *See Wetzel, supra*, 508 F.2d at 247–48. In effect, it loosens the typicality and adequate representation requirements of rule 23(a)(3) and (a)(4). The plaintiff argues that the district court violated this notion by splitting the class into subclasses of promotion and discharge claims.

Two responses are in order. First, the district court has considerable discretion in utilizing subclasses under rule 23(c)(4)(B). We cannot say it was an abuse of discretion to treat the promotion and discharge claims as being distinct given the different factual and legal issues each would present. Second, the plaintiff's argument ignores the fact that before the across the board approach can apply, there still must be some class that satisfies all four requirements of rule 23(a). The crux of that approach is that once a class is properly certified, some of the requirements of rule 23(a) may be relaxed to consider claims that might not satisfy all four elements of rule 23(a). The broadening may not obscure, however, the need to have some class that satisfies the mandatory requirements of rule 23(a). Be-

cause the district court here found that there was no class that satisfied the threshold requirements of rule 23(a), the plaintiff's across the board argument is beside the point.

IV.

The judgment of the district court will be affirmed.