In re Steven C. RICE, Individually and formerly doing business as Fluoro Tek Co., Inc., a California corporation, Debtor.

Earl C. BRUNSON, Shirley A. Brunson, Joseph Arico, Jr. William C. Govan, Petitioners-Appellees,

v.

Steven C. RICE, Individually, and formerly doing business as Fluoro Tek Co., Inc., a California corporation, Respondent-Appellant.

BAP NO. CC–80–1053–GVK.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued March 19, 1981.

Decided June 19, 1981.

In particular, the Panel finds that this sanction was not overly harsh, given the circumstances of this case. Affirmed.

## I. ISSUES

The basic legal question raised by the Appellant in this case involves the standard of review as to the sanctions which may be imposed by a bankruptcy court where it finds dilatory and obstructive abuse of discovery.

The Appellant further maintains that the bankruptcy court erred in finding that he (the Appellant) had failed to exercise good faith with respect to his conduct during discovery.

Jeffrey M. Howard, Huntington Beach, Cal., for respondent-appellant.

Charles Allen, Allen & Gordon, Santa Monica, Cal., for petitioners-appellees.

## OPINION

Before GEORGE, VOLINN and KATZ, Bankruptcy Judges.

GEORGE, Bankruptcy Judge:

This Appeal was taken from an order entered striking the Appellant's Answer to Petition and entering an Order for Relief Under Chapter 7 of the Bankruptcy Code. The court, in so ordering, found 1) that certain Answers to Interrogatories had been filed nine days late by the Appellant, 2) that, in so doing, the Appellant had willfully failed and refused to comply with F.R.Civ.P. Rule 33, 3) that the Appellant's dilatory actions were intended to delay and obstruct the proceedings, and 4) that these actions evidenced an absence of good faith on the part of the Appellant.

This Panel finds that the record of this proceeding does not provide it with a definite and firm conviction that the trial court abused its discretion in applying the sanction of striking the Appellant's answer to the involuntary petition, thereby, in effect, denying the Appellant a trial on the merits.

## II. BACKGROUND

In May 1980, the Appellees filed an Involuntary Petition Under Chapter 7 of the Bankruptcy Code. The record shows that the Appellant attempted to avoid service of the summons issued in conjunction with the filing of this petition and that service was eventually obtained on a second alias summons served on the Appellant's attorney. Nevertheless, the Appellant did file his Answer to the Petition in a timely manner. Thereafter, however, interrogatories, a subpoena to testify, and a subpoena duces tecum were served on the Appellant, but to no avail. When no response to the above interrogatories was received, the Appellee attempted to contact the Appellant regarding the filing of his answers to interrogatories, both by letter and by telephone. The Appellant simply ignored the Appellee's efforts. Only when the Appellee's Ex Parte Application Shortening Time for Notice of Motion and Motion to Strike Appellant's Answer were filed—some nine days after the aforementioned answers to interrogatories were due—did the Appellant finally serve those answers on the Appellee.

Following a hearing on the Appellee's motion, the trial court struck the Appellant's answer and entered an order for relief under Chapter 7 of the Bankruptcy Code against the Appellant.

### III. ANALYSIS OF THE FACTS AND THE LAW

At the October 31, 1980 hearing, the trial court found that the Appellant had not complied, in good faith, with Rule 33 of the Federal Rules of Civil Procedure. The sanction it chose to impose was based upon Rule 37(d) of the Federal Rules of Civil Procedure. F.R.B.P. Rules 737 and 121 make F.R.Civ.P. Rule 37 applicable to contested matters in cases under Title 11 of the United States Code. To the extent that they are not inconsistent with the changes wrought by the Bankruptcy Reform Act of 1978, the Federal Rules of Bankruptcy Procedure remain in effect under the new Bankruptcy Code. P.L. 95–598 § 405(d) (1978). The Panel finds no aspect of the new Bankruptcy Code to be in conflict with the application and full implementation of the discovery rules made available under the Federal Rules of Bankruptcy Procedure in contested matters involving involuntary petitions filed under 11 U.S.C. § 303 (1978). Therefore, the trial court made proper recourse to F.R.Civ.P. Rule 37 in the present case. In this regard, F.R.Civ.P. Rule 37(d) states as follows:

"If a party ... fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the Court in which the action is pending may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraph ... (b)(2)(C)."

F.R.Civ.P. Rule 37(b)(2)(C) allows a court to enter an order

"striking out pleadings or parties thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof or rendering a judgment by default against the disobedient party."

Rule 37(d) further provides that

"the failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

The Appellant contends that the character and volume of the documents to be subpoenaed in this case were such as to make their retrieval a practical hardship, if not an impossibility. Hence, he would excuse a portion of his conduct by the weight of the discovery burden placed upon him by the Appellees. Nevertheless, at no time did the Appellant seek a protective order under F.R.Civ.P. Rule 26(c). The Panel finds that the Appellant is, therefore, not now in a position to assert a good faith argument against Judge Elliott's finding of an ongoing pattern of disregard for the discovery attempts of the Appellees, based upon this practical difficulty. *See Al Barnett & Son v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir. 1979). To the contrary, the record of the instant case clearly reveals "a course of conduct [on the part of the Appellant] that frustrates the fundamental purpose underlying the discovery rules to provide adequate information to litigants in civil trials." *See id.* at 36. Some sort of sanction against the Appellant was called for under the circumstances of this case. For the trial court to have held otherwise would have been to encourage a blatant disregard for the discovery mechanism which supports our flexible system of civil pleading and litigation. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harv. L.Rev. 1033 (1978).

In finding that the overall conduct of the Appellant was such as to support the general decision of Judge Elliott that sanctions should be imposed, the Panel must also note that the sanction of an adverse determination on the merits is, perhaps, the most severe punishment for abuse of discovery which a judge may impose. *See Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Independent Productions Corp. v. Loew's Inc.*, 283 F.2d 730 (2d Cir. 1960). *Cf. Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir.

1976) (distinguishing lesser sanction from final determination with prejudice). In particular, it is the sort of sanction which punishes the "offending party" much more than his counsel, who may well be the source of the abuse.

Nevertheless, the harshness of this sanction should not cause it to be omitted entirely from the arsenal of punitive options open to a trial judge, where a party has willfully abused federal or local rules of discovery. Moreover, the fact that the Appellant may suffer as a result of the actions of his attorney should not preclude the application of this sanction. In this regard, we have just recently been reminded by the United States Court of Appeals for the Ninth Circuit that, when faced with the "disorder" which can result from the blatant abuse of the rules of discovery, the courts should not permit a litigant to avoid responsibility for the acts of his voluntarily-selected counsel. *Chism v. National Heritage Life Insurance Company*, 637 F.2d 1328, 1331–32 (9th Cir. 1981). Finally, the Panel believes that appellate tribunals should leave the use of this punishment, as much as possible, to the discretion of the trial court. *See National Hockey League v. Metropolitan Hockey Club, supra,* 427 U.S. at 642–43, 96 S.Ct. at 2780–81. Indeed, it is only in those instances wherein the reviewing court is left with a "definite and firm conviction" that the trial judge abused his discretion that reversal would be warranted. *Chism v. National Heritage Life Insurance Company, supra* at 1331. The Panel finds that the trial judge did not abuse his discretion in the present case.

## IV. CONCLUSION

Upon a review of the instant case, the Panel finds that the Appellant's course of conduct was such as to justify the trial court's action in striking the Appellant's answer and in entering an order for relief against him. Affirmed.