BISSELL, Circuit Judge,
dissenting.
I dissent because I think that dismissal with prejudice is an appropriate sanction under Rule 37 only where the trial court finds that the party dismissed has acted in bad faith or engaged in willful misconduct. In each of the cases cited by the majority in which a party was dismissed for failure to comply with an order under Rule 37, the reviewing court affirmed the dismissal where there was willfulness or bad faith, but reversed where there was not. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (“Under the circumstances of this case, we hold that the District Judge did not abuse his discretion in finding bad faith ... and concluding that the extreme sanction of dismissal was appropriate ... by reason of respondents’ ‘flagrant bad faith.’ ”); Societe Internationale v. Rogers, 357 U.S. 197, 208-12, 78 S.Ct. 1087, 1093-95, 2 L.Ed.2d 1255 (1958) (“[T]he willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner’s failure to comply.... [W]e think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner’s noncompliance with a pretrial production order when it has been established *1584 that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.”); Van Nost-rand v. University of Minnesota, 656 F.2d 315, 316 (8th Cir.1981) (“The district court found that appellant ... had willfully and inexcusably failed to comply with discovery orders and in doing so had acted in bad faith. The district court accordingly dismissed the action with prejudice pursuant to Fed.R.Civ.P. 37(b).”); Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3d Cir.1979) (“When it has been determined that a party has wilfully failed to comply with the rules of discovery, it is within the discretion of the trial court to dismiss the action.”).
In this case, the appellants are plaintiffs who were dismissed pursuant to Rule 37(b) for responding to the defendant's interrogatories after the deadlines set by the Claims Court.* The Claims Court did not find that appellants’ conduct was willful or in bad faith. Under these circumstances dismissal of appellants’ complaints with prejudice is an abuse of discretion.

 Compare footnote 3 of the majority opinion with the Claims Court’s order of April 2, 1986, denying reconsideration of its earlier orders dismissing the appellants: "those orders dismissed certain plaintiffs with prejudice from the captioned case due to their failure to respond to the defendant’s interrogatories and/or because of late responses.”