**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL H. O'CONNELL, Trustee of Thomas J. O'Connell Irrevocable Trust; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JOSE FERNANDEZ-POL, Dr., <br><br> Defendant - Appellant. | No. 10-17450 <br><br> D.C. No. 4:06-cv-00380-FRZ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge

Argued and Submitted September 9, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BATTAGLIA, District Judge.[**]

Defendant Dr. Jose Fernandez-Pol ("Dr. Pol") appeals the district court's

order granting Plaintiffs' motion for judgment on the pleadings after the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

court struck Dr. Pol's answer as a discovery sanction under Federal Rule of Civil Procedure 37, and entered judgment in the form and amount requested by Plaintiffs. Dr. Pol contends the district court erred because: (1) the action was allowed to proceed even though Plaintiffs' claims were barred by the applicable statute of limitations; (2) actual and punitive damages were awarded without taking any evidence of damages; and (3) the district court ordered the transfer of certain patents and patent applications without first ascertaining the existence or ownership of the patents, or assessing whether the court had personal jurisdiction over the entities transferring or receiving the patents. For the reasons set forth below, we affirm.

## I. The District Court's Failure to Consider a Potential Statute of Limitations Defense

Dr. Pol contends the district court lacked subject matter jurisdiction over the matter because each of Plaintiffs' claims were time-barred. Dr. Pol argues he presented a statute of limitations defense before the district court, but the district court never considered the merits of the defense because the court struck his Answer as a discovery sanction under Rule 37. Because the statute of limitations is an affirmative defense that must be pled and proved by the party asserting it, *see* Fed. R. Civ. P. 8(c); *Day v. McDonough*, 547 U.S. 198, 209 (2006), and the district

2

court was not required to *sua sponte* raise a potential statute of limitations defense on behalf of Dr. Pol, we must only address whether the district court erred in striking Dr. Pol's Answer as a discovery sanction under Rule 37.[1]

Whether the district court erred in striking Dr. Pol's Answer as a discovery sanction under Rule 37 is reviewed for abuse of discretion. *See Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). The exercise of this discretion will not be found to be an abuse unless the reviewing court finds the district court committed a clear error of judgment in the conclusion it reached. *See United States v. Sumitomo Marine & Fire Ins. Co. Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980). Pursuant to Rule 37(b), a court may impose sanctions on a party for failure to comply with discovery requests, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses . . . striking pleadings in whole or in part. . . dismissing the action or proceeding in whole or in part . . . [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vi). By the very nature of its language, sanctions imposed under

---

[1] Although the district court in this case was not required to *sua sponte* raise the statute of limitations defense on behalf of Dr. Pol, there are certain types of claims and cases that require and/or permit a court to address the merits of a statute of limitations defense before entering judgment. *See e.g., Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132-35 (2008).

Rule 37 must be left to the sound discretion of the trial judge. *See Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959), *cert. denied*, 361 U.S. 816 (1959).

Here, the district court stuck Dr. Pol's Answer after Dr. Pol failed to produce documents requested by Plaintiffs during discovery, failed to file a notice of appearance or intent to appear *pro se* after he was explicitly ordered to do so by the district court, and failed to file an opposition to Plaintiffs' motion for sanctions pursuant to Arizona Civil Local Rule 7.2(i).[2] Therefore, in light of the troubled defense of this case, and the broad discretion district courts are afforded in interpreting and applying their local rules, we find the district court did not abuse its discretion in striking Dr. Pol's Answer as a discovery sanction under Rule 37. *See Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (stating that district courts have broad discretion in interpreting and applying their local rules); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331-32 (9th Cir. 1981); *In re Rice*, 14 B.R. 843, 846 (B.A.P. 9th Cir. 1981) (finding no abuse of

---

[2] Arizona Civil Local Rule 7.2(i) states: "If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

discretion where trial court struck appellant's answer as a discovery sanction because appellant failed to respond to interrogatories and ignored appellee's efforts to litigate the action). Accordingly, we find the district court properly struck Dr. Pol's Answer under Rule 37. As a result, because Dr. Pol did not re-assert a statute of limitations defense prior to entry of judgment (even though the district court provided Dr. Pol ample opportunity to do so), and Dr. Pol did not make a post-judgment motion for relief under Federal Rule of Civil Procedure 59 or 60,[3] we also find the district court did not err in granting Plaintiffs' motion for judgment on the pleadings under Rule 12(c).

## II. The District Court's Award of Actual and Punitive Damages

Second, Dr. Pol contends the district court erred in awarding Plaintiffs $4.2 million in actual damages and $8.4 million in punitive damages because the district court did not conduct a hearing to determine the validity of Plaintiffs' claims, or take testimony from witnesses to verify the amount of damages. Dr. Pol did not present these arguments to the district court at any time before entry of

---

[3] Rule 59 allows a party to file a motion to alter or amend a judgment no more than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 60 allows a party to file a motion for relief from a judgment or order no more than one year after entry of judgment. Fed. R. Civ. P. 60(c).

judgment, or file a motion under Rule 59 or 60 after judgment was entered.[4]

We review a district court's computation of actual damages for clear error, *Simeonoff v. Hiner*, 249 F.3d 883, 893 (9th Cir. 2001), and a district court's award of punitive damages for abuse of discretion, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906-07 (9th Cir. 2002). However, this Court will not generally consider an issue raised for the first time on appeal. *See Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir. 1984), *cert. denied*, 479 U.S. 882 (1986). Although there are three exceptions to this general rule—(1) in an "exceptional" case when "review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process[;]" (2) when a new issue arises during the pendency of an appeal because of a change in law; or (3) when the issue is purely one of law and the necessary facts are fully developed—none of these exceptions are applicable in the instant case, nor did Dr. Pol address these exceptions in his opening brief, or at oral argument. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985).[5]

Therefore, because Dr. Pol did not raise the issue of actual or punitive damages before the district court, even though the district court provided Dr. Pol

---

[4] *See* footnote 3.

[5] At oral argument Dr. Pol conceded that these issues had not been presented to the district court.

ample opportunities to show cause why judgment in the form and amount requested by Plaintiffs should not be entered, we find these issues were not preserved for appeal and therefore are waived. *See Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). Accordingly, even though we do not condone the district court's failure to consider the guideposts set forth by the Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) in awarding Plaintiffs $8.4 million in punitive damages, the issue of the amount of damages is not properly before us.

## III. Ordering the Transfer of the Patents

Finally, Dr. Pol argues the district court erred in ordering the transfer of the patents and patent applications because: (1) the district court did not take any evidence as to the existence or ownership of the patents; and (2) the district court lacked personal jurisdiction over the entities transferring and receiving the patents. As stated above, Dr. Pol's failure to adequately address these contentions before the district court waived his right to now assert these arguments for the first time on appeal. *See Perry,* 759 F.2d at 706. However, assuming arguendo that Dr. Pol at least cursorily addressed the issue of patent ownership in his mislabeled "Plaintiff's Motion to Reconsider," Dr. Pol lacks standing to raise lack of subject

matter jurisdiction on behalf of Novactyl or Metalloproteomics. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Therefore, because we find the district court did not err in striking Dr. Pol's answer and granting Plaintiffs' motion for judgment on the pleadings under Rule 12(c), we also find the district did not err in ordering the transfer of the patents and patent applications as requested by Plaintiffs.

**AFFIRMED**.