## CALVIN HODGE, Plaintiff

### v.

## ANJELITO A. DONOVAN and OLIVA CHRISTIAN, Defendants

Civil No. 1097/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 19, 1983

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiff*

PATRICIA D. STEELE, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendant Christian*

MEYERS, *Judge*

### ORDER

This matter is before the Court on defendant Oliva Christian's motion to dismiss the above-captioned matter, pursuant to Rule 37(d), Federal Rules of Civil Procedure, on the ground that the plaintiff has failed to respond to defendant's interrogatories dated July 13, 1983, and filed with the Court July 20, 1983.

Rule 37(d), Federal Rules of Civil Procedure, states in pertinent part that

[i]f a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court . . . on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . .

■ In Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3rd Cir. 1979), the Court of Appeals for the Third Circuit, per Hunter, III, J., stated that:

Rule 37 sanctions are contemplated when there has been virtually total noncompliance with discovery. [Citation omitted.] Yet, *a direct order by the Court, as Rule 37(a) and (b) requires, is not a necessary predicate to imposing penalties under Rule 37(d).* [Citation omitted.] When it has been determined that a party has wilfully failed to comply with the rules of discovery, it is within the discretion of the trial court to dismiss the action. [Citations omitted.] Litigants . . . *cannot* be permitted to frustrate discovery by refusing to comply with a proper request. For courts to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to "encourag[ing] dilatory tactics." [Citation omitted.] (Emphasis added.)

■ In the instant case, it is evident that the Court could, in its discretion, dismiss the action due to the plaintiff's failure to date to file a response to defendant's interrogatories. The Court, however, will decline from granting such a motion at the present time, but it is putting plaintiff's counsel and all other members of the Virgin Islands Bar on notice that in the future such dilatory practices will not be tolerated. The premises considered, it is hereby

ORDERED that defendant's motion to dismiss is DENIED; and it is further

ORDERED that plaintiff respond to defendant's discovery requests within thirty (30) days of the date of this order; and it is further

ORDERED that consideration of the reasonable expenses, including attorney's fees, necessitated by the plaintiff's failure to respond

to discovery shall be considered at a later date by the Court; and it is further

ORDERED that defense counsel's instant motion through naming both defendants is construed to apply only to defendant Christian as this Court entered default against defendant Donovan on May 25, 1983, and, to date, no motion has been filed to vacate said default. Moreover, defense counsel's appearance in this case, as is evidenced by her answer filed on July 20, 1983, is only with respect to defendant Christian; therefore, until appropriate action is taken, all reference to the other defendant in forthcoming pleadings should be deleted.