**ISLAND TRASHMOVAL SERVICE, INC., Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 563/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 12, 1988

BERNARD M. VANSLUYTMAN, ESQ., St. Thomas, V.I., *for plaintiff*

ROBERT H. STOCKEL, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM OPINION

## I. INTRODUCTION

This matter is now before the Court on motion of the defendant to dismiss the action by virtue of Federal Rule of Civil Procedure 37(b)(2)(C), for failure of the Plaintiff to comply with the applicable Federal discovery rules, thus making it virtually impossible for the defendant to prepare its defense to plaintiff's claim of damages or for the Court to appropriately and intelligently adjudicate the last undecided issue in the lawsuit. The motion will be granted.

## II. FACTUAL BACKGROUND

On June 6, 1988, the Court, in Paragraph 1 of its Order, granted partial summary judgment to plaintiff to the effect "that the Defendant is liable to pay Plaintiff such damages as it proves at trial it suffered as a result of Defendant's refusal to permit Plaintiff to perform the contract for the period May 30, 1985, through September 30, 1985." In Paragraph 2 of its Order, the Court stated that "[u]nless the parties resolve the issue of damages to their mutual satisfaction, this matter is scheduled to be tried on that issue on July 14, 1988, at 11:00 a.m."

The parties failed to settle the unresolved issue prior to July 14, 1988.

At a pretrial conference that took place before the Honorable Verne A. Hodge, on April 20, 1988, attended by Gaylord Sprauve, President of Plaintiff, Bernard M. VanSluytman, Esquire, Attorney for Plaintiff, and Robert H. Stockel, Assistant Attorney General, representing Defendant Government, the Court directed plaintiff and its attorney to supply defendant with plaintiff's computation of its profit for the period from May 30, 1985, through

September 30, 1985, in lieu of Mr. Sprauve's statement that his profit on the contract was the gross contract price less twenty (20) percent overhead, which the Court refused to accept as the proper or appropriate measure of damages.

Between April 20, 1988, and June 15, 1988, defendant's counsel asked plaintiff's counsel for said computation on a number of occasions. He received no response until June 15, 1988, at which time counsel for plaintiff indicated that plaintiff's profit on the contract would have been the gross contract price less 16.78 percent for overhead instead of the 20% previously claimed by plaintiff and rejected by the Court. But plaintiff did not provide the computation required by the Court and requested by defendant's counsel. Therefore, plaintiff was served with a Subpoena Duces Tecum on July 12, 1988, to produce various documents on July 13, 1988, the day before the trial date scheduled by the Court in its June 6, 1988, Order.

On July 13, 1988, plaintiff moved for a continuance sine die and for an Order to quash the subpoena. The Court, on July 14, 1988, granted plaintiff's motion for a continuance sine die and as a result viewed the motion to quash as moot.

Plaintiff did not and has never complied with the terms of the subpoena. Therefore, in a second attempt to obtain the discovery deemed essential to prepare its defense for trial, on July 22, 1988, defendant served a Request for Production of Documents, specified on a list annexed to the Motion as "Exhibit A."[1] Plaintiff again did not supply the materials requested.

---

[1] These documents in haec verba as listed by the Government on the Subpoena are:

 (a) Corporate income and gross receipts tax returns of plaintiff, and personal income tax returns of Gaylord Sprauve, President of Plaintiff, for the years 1985, 1986, and 1987;

 (b) Plaintiff's bank statements for the years 1985, 1986, and 1987;

 (c) Plaintiff's purchase orders for all equipment purchased to do business;

 (d) Plaintiff's payroll records for 1985, 1986, and 1987;

 (e) Plaintiff's receipts for all supplies purchased during 1985, 1986, and 1987;

 (f) All documents and records pertaining to Plaintiff's cost of doing business during 1985, 1986, and 1987, including cost for using public dumps, gas expenditures, repairs of all vehicles and bins, etc.;

 (g) Plaintiff contracts entered into for trash removal for the years 1985, 1986, and 1987;

 (h) Plaintiff's records indicating what steps Plaintiff took to mitigate its damages caused by Defendant's alleged breach of contract;

 2. That the time and place of said inspection shall be as follows:

 (i) Monday, August 1, 1988, at 10:00 a.m.;

 (j) At the office of Robert H. Stockel, Esq., Assistant Attorney General, Department of Justice, above St. Thomas Post Office, Main Street, St. Thomas, U.S. Virgin Islands.

Due to the foregoing conduct of plaintiff, defendant, pursuant to Federal Rules of Civil Procedure 37(b)(2)(B), moved for an Order prohibiting plaintiff from introducing in evidence any of the documents requested.

In its Order dated October 4, 1988, the Court denied the motion on the grounds that it was not preceded by an Order to Compel the production of the documents, pursuant to Federal Rules of Civil Procedure 37(a). However, the Court ordered the Plaintiff to submit the documents requested within fifteen days from the date of the Order "to move the litigation along without further delay."

Plaintiff again failed to comply. The fifteen days expired with no response from plaintiff of any sort, either to defendant, or to the Court, e.g., by a motion for enlargement of time, pursuant to Federal Rules of Civil Procedure 6(b), or for a protective order pursuant to Federal Rules of Civil Procedure 26(c).

After thirty days had passed the deadline ordered by the Court for submission of the items listed for inspection, defendant still having received no response from plaintiff, made the instant motion.

In reply to the instant motion for dismissal, the Court issued an Order on November 14, 1988, scheduling an evidentiary hearing to take place on November 22, 1988, 11:30 a.m. to comply with the teaching of Ali v. Sims, 788 F.2d 954 (3rd Cir. 1986) and Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126 (3rd Cir. 1987), to obtain a basis for appropriate findings on the factors set forth originally in *Ali* and adopted in *Dunbar*, stated in our Discussion hereafter.

Said hearing was held as scheduled. It was attended by counsel for the Government, counsel for plaintiff, and Government's witness, Roan Creque, Assistant Director of Solid Waste, Department of Public Works Gaylord Sprauve, President of Plaintiff Corporation, did not appear.

At said hearing Attorney VanSluytman informed the Court that on each occasion that the discovery documents were requested by the defendant, he informed Mr. Sprauve, and that Mr. Sprauve refused to supply them. Attorney VanSluytman also informed the Court that Mr. Sprauve was informed of the date and time of the present hearing, and chose not to attend, but authorized him to state on his behalf that he had read the Order of this Court dated September 7, 1988, and concluded that he did not have to nor would he supply the requested documents, although advised to the

contrary by his attorney. At the end of the hearing the Court gave the parties an additional fifteen days to make any further presentations they wished the Court to take into consideration before rendering its decision. The defendant presented a comprehensive brief within the time allotted. The plaintiff did not respond.

## III. DISCUSSION

This Court, pursuant to 5 V.I.C. App. IV, Rule 7, must conform to the Federal Rules of Civil Procedure where there is no local Court Rule to the contrary. There being no local discovery rules, this Court is required to follow the provisions of Rule 37(b).

Rule 37(b) provides in pertinent part:

(2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

76

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust".

■ Consequently, the Territorial Court has discretion to impose sanctions for failing to comply with a discovery order issued pursuant to Rule 37(b). Thus, by virtue of Federal Rule of Civil Procedure 37(b), this Court has the discretion to dismiss an action if it has determined that a party has wilfully failed to comply with the Federal rules providing for discovery. See also Federal Rule of Civil Procedure 37(d) and Hodge v. Donovan, 20 V.I. 109 (Terr. Ct., S.T.T. & S.T.J. 1983).

■ However, before the Court imposes Rule 37 sanctions for failure to comply with a discovery order, and especially the admittedly harsh sanction of dismissal, it should consider the factors that were outlined in Ali v. Sims, 788 F.2d 954 (3rd Cir. 1986), an appeal from the D.C.V.I. The Court in Ali held that in considering the propriety of the imposition of Rule 37(b) sanctions the Court should carefully evaluate the following factors:

(1) the extent of the party's personal responsibility;

(2) a history of dilatoriness;

(3) whether the attorney's or party's conduct was wilful or in bad faith;

(4) meritoriousness of the claim;

(5) prejudice to the other party; and

(6) appropriateness of alternative sanctions.

Furthermore, an on-the-record articulation of the basis for the imposition of Rule 37(b) sanctions is required. Id. at 957.

77

In Hodge, this Court cited Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3rd Cir. 1979), Hunter, III, J., stating:

> Rule 37 sanctions are contemplated when there has been virtually total noncompliance with discovery. [Citation omitted.] Yet, <u>a direct order by the Court, as Rule 37(a) and (b) requires, is not a necessary predicate to imposing penalties under Rule 37(d).</u> [Citation omitted.] When it has been determined that a party has wilfully failed to comply with the rules of discovery, it is within the discretion of the trial court to dismiss the action. [Citations omitted.] Litigants ... <u>cannot</u> be permitted to frustrate discovery by refusing to comply with a proper request. For courts to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to "encourag[ing] dilatory tactics". [Citations omitted.] [Underscoring ours.]

But before the Court imposes the admittedly severe sanction of dismissal of the action authorized by the aforesaid Federal rules, the Court should satisfy itself that the factors mandated in Ali and Dunbar were duly considered and evaluated by the Court so that the plaintiff might not be unjustly punished for conduct as to which it is innocent and for which its attorney is responsible.

From the history of this case, this Court is entirely satisfied that the factors enumerated to be evaluated in Ali and Dunbar, duly considered by the Court, make a compelling case for the imposition of the sanction of dismissal against the plaintiff. Due consideration given these factors, there is no question about the party's repeated personal responsibility; about the history of dilatoriness in complying with the applicable rules due to its fault as distinguished from that of its counsel; that plaintiff's failure to comply is wilful, deliberate, and obstinate, considering the fact that it has knowingly failed to comply with the applicable Federal rules, with the Order of the Court to comply, and has even refused to appear in Court for the evidentiary hearing to give the Court the opportunity to determine, as Ali and Dunbar require, the amount of fault for noncompliance imputable to it; that in this case the attorney cannot, in all fairness, be held responsible for the lengthy and obstinate noncompliance involved; that if plaintiff's case has merit, the burden of proof lies upon the plaintiff and no one else to establish it, failing to do which the Court has no alternative but to nonsuit the plaintiff; that assuming plaintiff's case has any merit, by

requiring the defendant to futilely repeatedly seek the discovery to prepare its defense and enable the Court to obtain the information which the plaintiff only has in its possession and alone can supply has unquestionably worked to the prejudice of the plaintiff. As to the appropriateness of alternative sanctions, we have given that sixth factor listed in Ali and Dunbar due consideration, and find that the imposition of none of the alternative sanctions would result in doing justice to the parties or in achieving the timely administration of justice or serve any useful purpose for that matter, the factual background of this case given due and fair consideration.

The sanction provided in Rule 37(b)(2)(A) appears inapplicable to the facts of this case in that here defendant is seeking the information so that a determination can be made as to what facts can justly be considered as established.

If subdivision (B) is imposed, plaintiff must fail. Not only would it not have met its burden of proving its case by the preponderance of the evidence; it would not have presented any evidence at all, as it refuses, according to its counsel, not only to provide the requested discovery, but even to proceed further with the trial of the case.

As to subdivision (C), we believe striking out pleadings or staying further proceedings until plaintiff obeys would be an exercise in futility as it has refused to prosecute its case further on the merits by granting discovery or even attending Court for the trial of its case.

The Court does not see what is to be gained by holding defendant in contempt in this case. We deem a more appropriate sanction to be the dismissal we order.

Subdivision (E) of the rule is clearly inapplicable to the disposition of the motion before us.

## IV. CONCLUSION

■ We regret the uncooperative, if not obstinate, position plaintiff has taken, which frustrates the administration of justice, and leaves the Court with no alternative but to grant dismissal as authorized by Federal Rules of Civil Procedure 37(b)(2)(C) as well as 37(d) id., 5 V.I.C. App. I, Rule 37(b)(2)(C) and Rule 37(d).

## ORDER

The Court having issued its Memorandum Opinion of even date

herewith, and being fully advised and satisfied in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED that Defendant's Motion for an Order dismissing the above-titled action, dated November 3, 1988, is hereby GRANTED.