CLEAR CHANNEL ENTERTAINMENT/TELEVISA MUSIC CORPORATION, successor in interest of Cardenas Fernandez & Associates (CFA), Plaintiff—Appellant,

v.

MEXICO MUSICAL, INC., Defendant—Appellee,

and

Los Rieleros Del Norte; Lupillo Rivera, as agent; Javier Rivera, as agent, Defendants.

No. 06–55711.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2006.*

Filed Oct. 25, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Henry C. Truszkowski, Esq., David S. Mayes, Esq., John P. Lopez, Esq., Hewitt & Truszkowski, North Hollywood, CA, for Plaintiff–Appellant.

Steven J. Eyre, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Clear Channel Entertainment/Televisa Music Corporation (Clear Channel) appeals the district court's dismissal with

prejudice of Clear Channel's action against Mexico Musical for failure to comply with a court order. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court dismissed the action for failure to timely file the required proposed pretrial conference order in compliance with its order setting the final pretrial conference. Before dismissing an action for failure to comply with an order, the district court should weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) (applying factors to a dismissal under Fed.R.Civ.P. 41(b) for lack of prosecution).

Here, the district court's dismissal order does not reflect that it considered the *Henderson* factors when it determined that dismissal was warranted. In such circumstances, we review the record independently to determine whether the district court abused its discretion. *Id.* at 1424; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992).

In general, the first two of these factors, expeditious resolution of litigation and the district court's need to manage its docket, favor the imposition of sanctions in most cases, while the fourth, disposition of cases on the merits, cuts against a default or dismissal sanction. "Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990).

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

When determining prejudice we look to whether the plaintiff's actions have impaired the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987). Prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir.1994). "The presumption may be rebutted and if there is a showing that no actual prejudice occurred, that fact should be considered when determining whether the district court exercised sound discretion." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir.2006). Mexico Musical asserts that it has been prejudiced by the delay because relevant information has grown stale. On the other hand, Mexico Musical was also apparently unaware of the district court's order requiring filing of the proposed pretrial conference order and, in any event, made no effort to comply.

■ "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131. Clear Channel asserts that it has a non-frivolous explanation for the delay: lack of notice of withdrawal of prior counsel and of the district court's order requiring filing of the proposed pretrial conference order. While Clear Channel's agent, Metrogroup, discharged prior counsel, Clear Channel's explanation does demonstrate that, at a minimum, its failure to file a pretrial proposed order was not willful.

Because Mexico Musical made no effort to comply with the district court's order and Clear Channel's failure to comply was not deliberate, any prejudice to Mexico Musical is minimal and the fourth factor weighs only slightly in favor of dismissal.

■ The fifth factor, the availability of less drastic sanctions, weighs heavily here against dismissal. The district court did not consider or implement less drastic alternative sanctions prior to dismissing the action. While the district court did warn Clear Channel that it needed to appear at the status conference to avoid dismissal, it failed also to warn Clear Channel that it needed to file a proposed pretrial conference order to avoid dismissal. *See id.* at 132 (indicating "preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal"); *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir.1987) (obligating district court "to warn the plaintiff that dismissal is imminent" in order for dismissal to be proper exercise of discretion).

Here, where there was little showing of prejudice to Mexico Musical, and no showing that the court considered alternatives or warned Clear Channel prior to dismissal, the district court abused its discretion in dismissing Clear Channel's action.

**REVERSED AND REMANDED.**