**Mary K. GLASSMAN, Plaintiff—Appellant,**

v.

**RAYTHEON NON–BARGAINING RETIREMENT PLAN; Raytheon Company, Defendants—Appellees.**

No. 05–56896.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Dec. 13, 2007.

Robert Glasser, Esq., Glasser and Smith, APC, Newport Beach, CA, for Plaintiff–Appellant.

Larry A. Walraven, Esq., Ryan W. Rutledge, Esq., O'Melveny & Myers, LLP, Newport Beach, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

Mary Glassman ("Glassman") appeals the merits and procedural dismissal of her amended complaint, raising numerous challenges to the California state courts' calculation of her ERISA benefits. Glassman also appeals the district court's award of attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Glassman's contention that she timely filed her opposing papers lacks merit. She filed her opposing papers four days late, C.D. Cal. R. 7–9, and the district court did not abuse its discretion in dismissing her complaint for failure to comply with a local rule. *See* C.D. Cal. R. 7–12; *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir.1995).

Nor did the district court abuse its discretion in granting Raytheon attorneys' fees under its inherent power rather than Rule 11. *See Roadway Express v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). We affirm the district court's specific finding that Glassman engaged in "vexatious litigation" by filing her complaint and maintaining her lawsuit, which justifies the imposition of sanctions. *See Fink v. Gomez*, 239 F.3d 989, 992, 994 (9th Cir.2001). Because Rule 11(c)(2)(A) explicitly prohibits a court from imposing monetary sanctions against a represented party, the judge "safely rel[ied]" on her inherent power to directly sanction Glassman where the Rules were not "up to the task" to do so. *Chambers v. NASCO Inc.,*

501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Because we determine this appeal to be frivolous, we issue a separate order instructing Glassman and her counsel to show cause why fees and costs should not be awarded, and to address whether any portion of such award should be assessed against Glassman's counsel. *See* Fed. R.App. P. 38; *In re George*, 322 F.3d 586, 591–92 (9th Cir.2003).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

