DLD-015                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3456
_____

JOHN R. DALEY, JR.,
a/k/a JOHN PICKERING-GEORGE,
Appellant

v.

UNITED STATES ATTORNEYS OFFICE, WILMINGTON DELAWARE;
DEPARTMENT OF JUSTICE, DISTRICT OF DELAWARE;
NATIONAL ARCHIVES AND RECORDS ADMINISTRATION;
EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEY;
DAVID C. WEISS, US ATTORNEY'S OFFICE;
SHANNON T. HANSON, US ATTORNEY'S OFFICE;
CHAIRMAN V. SMITH, NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-13-cv-00126)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 31, 2013)
_____

OPINION
_____

PER CURIAM

John R. Daley, Jr. appeals from the District Court's dismissal of his complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and denial of his motion for reconsideration. Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Daley was a defendant in a criminal action in the District of Delaware. See United States v. Richards, D. Del. Crim. No. 1:91-cr-00073. In January 2013, he filed a complaint against the defendants, alleging that they violated various court rules and obstructed justice during his criminal proceedings. He sought the issuance of subpoenas for the defendants to produce any records presented to the grand jury for "indictment and the pretrial, hearing detention or arraignment, risk of flight, bail hearing." He also asked the District Court to initiate a criminal investigation into the defendants' alleged behavior. The District Court dismissed his complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), nothing that it duplicated many of Daley's previous allegations in Daley v. Court Reporter Records, D. Del. Civ. No. 1:10-cv-00313 and Daley v U.S. Dist. Court, D. Del. Civ. No. 1:09-cv-00218. Daley then filed a motion for reconsideration, which the District Court denied. This appeal followed.[1]

II.

We first address the scope of our jurisdiction. Daley asserts that he seeks to appeal the denial of his motion for reconsideration; however, his notice of appeal also appears to refer to the District Court's underlying dismissal of his complaint. Here, the

2

District Court's Memorandum Order, entered on May 7, 2013, did not satisfy Fed. R. Civ. P. 58(a) (the "Separate Judgment Rule"), which requires every judgment, except for those falling under specific exceptions that do not apply here, to be set forth in a separate document. To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Here, the District Court's Memorandum Order contained its reasoning for dismissing Daley's complaint and therefore did not comply with Rule 58. Accordingly, it was considered entered on October 4, 2013, 150 days after its appearance on the civil docket. See Fed. R. Civ. P. 58(c)(2). During this time, Daley filed his motion for reconsideration, and the District Court denied it. He filed his notice of appeal on August 8, 2013, well before October 4th. See Fed. R. App. P. 4(a)(1)(B). Accordingly, it is timely as to both the dismissal of his complaint and the denial of his motion for reconsideration.

III.

The District Court's dismissal of Daley's complaint as malicious under § 1915(e)(2)(B)(i) presents no substantial question for our consideration. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995).

---

[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Here, Daley's complaint was an attempt to harass the defendants, including the United States Attorney's Office that prosecuted him, regarding criminal proceedings that terminated over two decades ago. See Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). Daley's complaint is also malicious as it repeats claims that he unsuccessfully previously litigated twice before in the District Court. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Finally, the District Court did not abuse its discretion in denying Daley's motion for reconsideration, as it did not identify any of the grounds required for reconsideration. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010 (per curiam).

## IV.

For the foregoing reasons, we agree with the District Court's dismissal of Daley's complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denial of his motion for reconsideration. Accordingly, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.