**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VOLCAN GROUP, INC., a California corporation, d/b/a Netlogix, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> OMNIPOINT COMMUNICATIONS, INC., a Delaware corporation, d/b/a T-Mobile, and T-MOBILE USA, INC., a Delaware corporation, <br><br> Defendants - Appellees. | No. 12-35217 <br><br> D.C. No. 2:10-cv-00711-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 6, 2013
Seattle, Washington

Before: HAWKINS, THOMAS, and NGUYEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Volcan Group, Inc. d/b/a Netlogix ("Netlogix") appeals the district court's dismissal of its breach of contract action against T-Mobile USA, Inc. ("T-Mobile") as a sanction for Netlogix's spoliation and fabrication of evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1.      Netlogix argues that the district court erred when it admitted into evidence transcripts of two conference calls between T-Mobile's lawyers and Netlogix's former vice president, Jason Dillon. In those transcripts, Dillon allegedly describes widespread spoliation of evidence on the part of Netlogix. Though the district court relied on those transcripts in finding spoliation and fabrication of evidence, it also concluded that the record supported such a finding even absent consideration of the transcripts. We agree.

The district court found that Akrie knowingly permitted Netlogix employees to destroy engineering notebooks that contained evidence potentially relevant to the litigation. For his part, Dillon destroyed and altered notes pertaining to

Netlogix's dealings with T-Mobile—the business relationship at the heart of this contract dispute.[1]

In addition, at a time when Netlogix was already exploring litigation against T-Mobile, Netlogix failed to preserve a copy of its Project Management Server—a web-based database used by Netlogix to track the progress of its projects performed for T-Mobile—as it had existed at the time the parties' Field Services Agreement was terminated. Numerous monthly financial reports and project files were created anew by Netlogix during this period, many of which contained material deviations from the original files. The record also suggests that certain documents and emails produced by Netlogix may have been falsified. Given this, we find no error in the district court's conclusion that spoliation can be found even absent consideration of the transcripts. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

---

[1] According to Akrie's and Dillon's respective declarations, the engineering notebooks were destroyed and Dillon's notes were altered in early 2009. Without reference to the transcripts, however, it is unclear exactly when Netlogix began contemplating litigation, thus triggering the duty to preserve evidence. *See Leon*, 464 F.3d at 956. That said, as discussed above, the destruction of the notebooks and Dillon's alteration of his notes were by no means the only evidence of spoliation. Viewing the record as a whole, the district court's findings were not clearly erroneous. *See id*. at 958.

2.      Having found spoliation, the district court did not abuse its discretion in dismissing the action.  A district court should consider a number of factors prior to dismissal, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)).  However, explicit findings by the district court are not required.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).  Rather, we may independently review the record to determine whether the district court abused its discretion.  *Id.* We thus consider each factor in turn.

The first two factors weigh in favor of dismissal.  *See Leon*, 464 F.3d at 958 n.5; *see also id.* at 960.  Given the loss of potentially relevant evidence as a result of Netlogix's spoliation, the third factor does as well.  *See id*. at 959 (noting that the pertinence and force of lost evidence "cannot be clearly ascertained because the documents no longer exist," and the party responsible "can hardly assert any presumption of irrelevance as to the destroyed documents" (quoting *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173, 1205 (8th Cir. 1982)) (internal quotation

marks omitted)). While the fourth factor typically militates against dismissal as a sanction, this factor alone "is not sufficient to outweigh the other four factors." *Id.* at 961 (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987)). Finally, although the fifth factor considers "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal . . . [,] it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). In any event, Netlogix was well-aware that the district court was considering dismissal of the case as a sanction for Netlogix's misconduct.

The record also supports the district court's finding that Netlogix's spoliation of evidence resulted from "willfulness, fault, or bad faith." *Anheuser-Busch*, 69 F.3d at 348 (quoting *Henry*, 983 F.2d at 946) (internal quotation marks omitted). The district court thus had a sufficient basis for concluding that Netlogix's "discovery violations ma[de] it impossible . . . to be confident that the parties [would] ever have access to the true facts." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (quoting *Valley Eng'rs*, 158 F.3d at 1058) (internal quotation mark omitted).

"'Although dismissal [is] harsh,' . . . we do not disturb the district court's choice of sanction unless we have a 'definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Leon*, 464 F.3d at 961 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)). We have no such conviction in the present case.

**AFFIRMED.**