Victor SANCHEZ, Plaintiff,

v.

Deputy RODRIGUEZ et al., Defendants.

No. CV 11–06950–VBF (MAN).

United States District Court,
C.D. California.

Signed March 18, 2014.

Victor Sanchez, Susanville, CA, pro se.

Amber A. Logan, Nelson and Fulton, Los Angeles, CA, for Defendants.

**OPINION and ORDER**

**(1) Adopting the Report and Recommendation;**

**(2) Dismissing Amended Complaint with Prejudice;**

**(3) Denying Defendants' Request for Attorneys' Fees**

VALERIE BAKER FAIRBANK, Senior District Judge.

This is a prisoner's civil-rights action under 42 U.S.C. section 1983. The U.S. Magistrate Judge has issued a Report and Recommendation ("R & R") recommending that this action be dismissed with prejudice and terminated as a sanction for failure to comply with court-ordered discovery obligations. For the

reasons that follow, the Court will adopt the R & R and dismiss the complaint with prejudice as a sanction under Fed.R.Civ.P. 37.

■ The Magistrate is right that where a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b), the general rule governing involuntary dismissal, or on the court's inherent authority, so long as Rule 37 is "up to the task." *See* R & R at 5–6 (citing *Societe Internationale,* 357 U.S. at 207, 78 S.Ct. 1087, and *Chambers,* 501 U.S. at 49 n. 14, 111 S.Ct. 2123, respectively); *see also Clinton v. Jones,* 520 U.S. 681, 709 n. 42, 117 S.Ct. 1636, 1652 n. 42, 137 L.Ed.2d 945 (1997) (" '[I]f in the informed discretion of the court, neither the statute nor the rules are up to the task, the Court may safely rely on its inherent power' in imposing appropriate sanctions") (quoting *Chambers,* at 501 U.S. at 50, 111 S.Ct. 2123); *see, e.g., Glassman v. Raytheon Non–Bargaining Ret. Plan,* 259 Fed.Appx. 932, 933 (9th Cir.2007) ("Nor did the district court abuse its discretion in granting Raytheon attorneys' fees under its inherent power rather than Rule 11. We affirm the ... specific finding that Glassman engaged in 'vexatious litigation' by filing her complaint and maintaining her lawsuit, which justifies ... sanctions. Because Rule 11(c)(2)(A) explicitly prohibits a court from imposing monetary sanctions on a represented party, the judge 'safely rel[ied]' on her inherent power to directly sanction Glassman where the Rules were not 'up to the task' to do so.") (citing *Chambers* ) (other cites omitted).

■ **Considering the motion for a terminating sanction under Rule 37 case law, the Court agrees that dismissal of the FAC with prejudice is appropriate.** As the Magistrate notes (R & R at 6), Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order, up to dismissal of part or all of the party's claims, and Rule 37(d)(3) authorizes the same sanctions against a party who fails to respond to interrogatories or requests for production. "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez–Pol,* 542 Fed.Appx. 546, 547–48 (9th Cir.2013) (citing *Craig v. Far West Eng'g Co.,* 265 F.2d 251, 260 (9th Cir. 1959)).

■ **In order to impose the sanction of dismissal, a court must first find that plaintiff's noncompliance was due to "willfulness, bad faith, or fault."** R & R at 7 (quoting *Henry,* 983 F.2d at 946); *see also Anheuser–Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir.1995) (citing *Henry,* 983 F.2d at 946 (quoting *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985))). *See, e.g., Volcan Group, Inc. v. Omnipoint Comms., Inc.,* No. 12–35217, 2014 WL 68488, *2, 552 Fed.Appx. 644, 646 (9th Cir. Jan. 9, 3014) (affirming dismissal as a sanction) ("The record also supports the district court's finding that Netlogix's spoliation of evidence resulted from 'willfulness, fault, or bad faith.' ") (quoting *Anheuser–Busch,* 69 F.3d at 348).

■ As the Magistrate notes, "willfulness, bad faith, or fault" does not require wrongful intent; rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault. *See* R & R at 7 (quoting *Jorgensen,* 320 F.3d at 912, and citing *Henry,* 983 F.2d at 948); *see also Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994) (citing *Henry,* 983 F.2d at 948). **The Court would note that plaintiff has not attempted to show that his repeated failure to comply with discovery obligations imposed on him by the Federal Rules and by this court's Orders was "outside his control."** *See Hyde & Drath,* 24 F.3d at 1167 ("Given the lack of proof corroborating Stonehaven's claim [that it had been dissolved and had no current officers and no former officers under its control to send to the depositions], the court did not abuse its discretion in finding Stonehaven at fault and in imposing sanctions.") (contrasting *General Houses v. Marloch Mfg. Corp.,* 239 F.2d 510 (2d Cir.1956) (reversing order which dismissed complaint as a discovery sanction, because plaintiff's counsel had submitted affidavits corroborating his claim that "at the time deposition was

noticed, its client no longer had any officers who knew about the transactions nor any control over the former officers who had such knowledge")).

■ **Accordingly, the Magistrate is right to find that plaintiff's noncompliance with discovery orders was willful:** plaintiff failed to respond to interrogatories propounded on him in mid-January 2013, then failed to respond to defense counsel's letter extending plaintiff's time to respond to the interrogatories, requiring defendants to file a motion to compel. In April 2013 this Court issued an Order granting the motion to compel and warning plaintiff that further noncompliance could result in the imposition of sanctions, including dismissal. Plaintiff responded only by requesting more time to provide discovery, offering no excuse for his previous noncompliance except the fact that he was incarcerated and lacked funds to "get the paper work wanted by Defendant", failing to identify any document he did not possess and allegedly could not afford to obtain. Plaintiff did nothing with the extensions granted, forcing the defendants to file a motion to compel and then ignoring the Court's subsequent order compelling him to fulfill his discovery obligations, *see* R & R at 8–10, thereby preventing defendants from conducting meaningful discovery, *see Webster v. Dep't of Veterans Affairs*, 551 Fed.Appx. 361, 361, 2014 WL 23785, * 1 (9th Cir. Jan. 2, 2014) ("The district court did not abuse its discretion by imposing terminating sanctions under Fed.R.Civ.P. 37(b)(2) on the basis of Webster's willful violations of the court's discovery orders that prevented defendants from conducting meaningful discovery.").

As the Magistrate notes, plaintiff admits that he received the discovery requests, the motion to compel, and the order granting the motion to compel, so the Magistrate is right to infer from his complete noncompliance (and for some time now, unresponsiveness) that "he simply does not care about meeting

his obligations as a plaintiff in this case and has no" intention of doing so, R & R at 10–11. *Cf. O'Connell v. Fernandez–Pol,* 542 Fed.Appx. 546, 547–48 (9th Cir.2013) (affirming decision to strike answer under FRCP 37 as a sanction for failure to produce documents in discovery, failure to file a notice of appearance after being ordered to do so, and failure to respond to motion for sanctions, and affirming the subsequent granting of judgment as a matter of law to the defendant).

■ **The Magistrate employs the correct test for determining the propriety of dismissal as a discovery sanction, considering these five factors:** (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking the sanctions (here the defendants); (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See* R & R at 7 (citing *Connecticut General Life Ins. Co.,* 482 F.3d at 1096, and *Henry,* 983 F.2d at 948). The Court notes that these are the same factors which Ninth Circuit courts consider when deciding whether to impose a terminating sanction against a party pursuant to Fed. R.Civ.P. 41 for lack of prosecution. *See In re Eisen,* 31 F.3d 1447, 1451 (9th Cir.1994) (citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986) (citing *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.1984))). Accordingly, the Court has also considered Ninth Circuit decisions applying this five-factor test for purposes of Rule 41(b).

■ **The Magistrate notes Ninth Circuit precedent holding that where it is the violation of a court order which serves as the basis for the terminating-sanction request,** factors 1 and 2 (public interest in expeditious resolution of litigation and the court's need to manage its docket) support a terminating sanction[1] while factor 4 (the

---

1. *See Clear Channel Entertainment/Televisa Music Corp. v. Mexico Musical, Inc.,* 252 Fed.Appx. 779, 780 (9th Cir.2007) ("In general, the first two of these factors, expeditious resolution of litigation and the district court's need to manage its docket, favor the imposition of sanctions in most cases . . . ."); *see, e.g., Avery v. Cash,* 2013 WL

2250990 at *2 ("Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors.") (citing, *inter alia, Yourish v. California Amplifier,* 191 F.3d 983, 990–91 (9th Cir.1999)). This is particularly true where, as

public policy favoring disposition of cases on their merits) weighs against such a sanction [2], leaving the third and fifth factors as the critical ones. *See* R & R at 7 (citing *Valley Engineers,* 158 F.3d at 1057, and *Henry,* 983 F.2d at 948). The Magistrate rightly qualifies this statement, however, by noting that the public policy favoring disposition of cases on their merits is *not* furthered by litigants, like our plaintiff, who refuse to provide discovery needed for preparation of a defense against his claims. *See* R & R at 11–12 (citing *In re PPA,* 460 F.3d at 1228); *cf. also Meeks v. Wells Fargo Bank,* 2014 WL 295171, *2 (E.D.Cal. Jan. 27, 2014) ("Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. [T]herefore … this action [will] be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders."); *Bratton v. Ontario Police Dep't,* 2013 WL 6798003, *3 (C.D.Cal. Dec. 17, 2013) ("By failing to inform the Court of her current address, to file a First Amended Complaint, and to respond to the … OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.").

■ As to the third factor (the risk of prejudice to the other parties), "[f]ailing to produce documents as ordered is considered sufficient prejudice" as a matter of law, *see PPA,* 460 F.3d at 1227 (citing *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990)); *see also* R & R at 13, and " '[t]he law also presumes prejudice from unreasonable delay' ", R & R at 13 (quoting *PPA* ).

■ The Court would further note our Circuit's holding that the party facing possible sanction may rebut the presumption that his delay has prejudiced the opposing parties. *See PPA,* 460 F.3d at 1228 (citing *In re Eisen,* 31 F.3d at 1452–53 (citing *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976))). If plaintiff proffered an excuse for delay or noncompliance that were " 'anything but frivolous' ", the burden of production would shift to the defendants to show some actual prejudice. If the defendants showed actual prejudice, the plaintiff would have to persuade the court that "the claims of prejudice are illusory or relatively insignificant in light of his excuse." *See PPA,* 460 F.3d at 1228 (quoting *In re Eisen,* 31 F.3d at 1453 (citation omitted)). Here, however, plaintiff has not attempted to provide *any* excuse for his noncompliance with court-ordered discovery and the concomitant delay of these proceedings, *see* R & R at 13, let alone a non-frivolous excuse. Consequently, the presumption stands that his noncompliance and delay have prejudiced the defendants. That means the Magistrate is right to conclude that the third of the five factors favors a terminating sanction against plaintiff.

**As to the fifth factor, the Court agrees that there is no reason to believe that sanctions short of dismissal would induce plaintiff to comply with discovery obligations.** *See* R & R at 12–13 ("Warnings and threats of dismissal plainly have no effect on plaintiff") (citing *Hester,* 687 F.3d at 1170–71). As a sister court recently stated, "The Court's Order … gave petitioner thirty days to comply with the Court's order [and] expressly informed Petitioner that the action would be dismissed if Petitioner failed

---

here, the petition was filed nearly three years ago. *See Pogue v. Hedgpeth,* 2014 WL 897037, *2 (E.D.Cal. Mar. 6, 2014) (Sheila Oberto, M.J.) ("The petition has been pending for a lengthy period. The Court therefore finds that the public's interest in expeditiously resolving this litigation and this Court's interest in managing the docket weigh in favor of dismissal.").

2. Our Circuit has advised that "[t]his policy favoring resolution on the merits 'is particularly important in civil rights cases.' " *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir.

1998) (quoting *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987)). It was plaintiff's responsibility to move his case toward disposition at a reasonable pace and to eschew dilatory or uncooperative tactics, however, *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir.1991), and he has shirked this duty. In such circumstances, the public interest favoring resolution of cases on their merits does not outweigh the factors which favor dismissal. *See, e.g., Mackenzie v. Ashcroft,* 2008 WL 5111873, *2 (C.D.Cal. Dec. 3, 2008).

to [do so]. Plaintiff has failed to respond ... or otherwise inform the Court of his intentions. Accordingly, no other alternative to dismissal is appropriate." *Calderon v. Holland,* 2014 WL 950367, *2 (E.D.Cal. Mar. 11, 2014).

█ **The Magistrate is also right to conclude that because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction** and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders. *See* R & R at 12–13 n. 7 (citing no cases); *see, e.g., Kindred v. Doe,* 2014 WL 793095, *3 (C.D.Cal. Feb. 26, 2014) (Collins, J.) ("[U]nder the circumstances presented (i.e. plaintiff's *pro per* and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose."); *Pappas v. Rojas,* 2013 WL 6145141, *4 (C.D.Cal. Nov. 21, 2013) (Carney, J.) ("Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney's fees.... In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.") (internal citation to *Malone v. U.S. Postal Service,* 833 F.2d 128, 132 n. 1 (9th Cir. 1987)).

3. *Accord Briscoe v. Klaus,* 538 F.3d 252, 262–63 (3d Cir.2008) ("[W]here a plaintiff ... is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.' ") (quoting *Emerson v. Thiel College,* 296 F.3d 184, 191 (3d Cir.2002));

   *Brown v. Oil States Skagit Smatco,* 664 F.3d 71, 78 n. 2 (5th Cir.2011) (" 'We recognize that the majority of lesser sanctions available to a district court are unlikely to create the same incentive to comply in a litigant who proceeds in forma pauperis, and is therefore essentially judgment proof, than for the average litigant who pays her own way in court.' ") (quoting unpublished Fifth Circuit decision).

4. *See Cox v. California,* 2013 WL 3755956, *2 n. 2 (C.D.Cal. July 16, 2013) (Valerie Baker Fairbank, J.) (citing, *inter alia, Jayne v. Sherman,* 706 F.3d 994, 1009 (9th Cir.2013) (adopting opinion

█ Therefore the Magistrate (R & R at 14–15) is right to recommend denial of the defendants' request for an award of attorneys fees incurred in bringing their motion for sanction. *Accord Morrow v. Sacramento DEA,* 2014 WL 907349, *3 (E.D.Cal. Mar. 7, 2014) ("[I]n light of plaintiff's in forma pauperis status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal."); *Oppedahl v. Orange County Healthcare Agency,* 2014 WL 495624, *2 (C.D.Cal. Feb. 6, 2014) (Fitzgerald, J.) ("Other possible sanctions for plaintiff's failures are not appropriate with respect to a pro se prisoner litigant seeking to proceed in forma pauperis.").[3]

### ORDER

The Report and Recommendation **[Doc # 55] is ADOPTED** without objection. Defendants' unopposed Motion for Terminating Sanction and/or Involuntary Dismissal **[Doc # 48] is GRANTED in part and DENIED in part** as follows:

The First Amended Complaint **[Doc # 16]** is **DISMISSED *with* prejudice** as a sanction pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v).

The defendants' request for an award of attorneys fees, however, is **DENIED.**

█ As required by FED. R. CIV. P. 58(a)(1), judgment will be issued as a separate document.[4]

which concluded, "The Court will issue a separate Judgment as required by Rule 58(a)."); *see also Bravo v. City of Santa Maria,* 665 F.3d 1076, 1079 n. 5 (9th Cir.2011).

   *Accord Rainey v. Lipari Foods, Inc.,* 546 Fed. Appx. 583, 585 (7th Cir.2013) ("Rule 58(a) generally requires that a judgment be set out in a separate document, ....") (citing *Brown v. Fifth Third Bank,* 730 F.3d 698, 699 (7th Cir.2013)); *Brown v. Recktenwald,* No. 13–2028, 550 Fed. Appx. 96, 97 n. 2, 2013 WL 6439653, *2 n. 2 (3d Cir. Dec. 10, 2013) (per curiam) ("The District Court did not comply with the separate order rule set forth in [Rule] 58(a).").

   "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. U.S. Attorney's Office,* 538 Fed.Appx. 142, 143 (3d Cir.2013) (per curiam) (citing *LeBoon v. Lancaster Jewish Cmty.*

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MARGARET A. NAGLE, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order No. 05–07 of the United States District Court for the Central District of California.

### BACKGROUND

On August 29, 2011, plaintiff filed a civil rights complaint against Deputy Luis Rodriguez of the Los Angeles County Sheriff's Department. The Court screened the complaint and dismissed it by an Order that identified the deficiencies of the complaint's allegations and directed plaintiff to file a First Amended Complaint. On December 23, 2011, plaintiff filed a First Amended Complaint ("Complaint"). The Complaint added three defendants: Deputy Art Vargas, who was erroneously named as Varquez; the County of Los Angeles; and the Los Angeles County Sheriff's Department. (Hereafter, all four named defendants will be referred to collectively as ("defendants."))

The Complaint thereafter was served on the defendants, who have answered it. On December 11, 2012, the Court issued a Case Management Order ("CMO"), which set various deadlines in this case, including a May 31, 2013 deadline for the completion of discovery and a June 30, 2013 deadline for the filing of discovery motions.

On March 12, 2013, defendants filed a Motion To Compel Plaintiff's Responses To Interrogatories And Requests For Production Of Documents ("Motion To Compel"). Pursuant to Paragraph 2 of the CMO, plaintiff's Opposition to the Motion To Compel was required to be filed and served by no later than April 11, 2013. Plaintiff, however, did not file any response to the Motion To Compel. On April 22, 3013, the Court granted the Motion To Compel ("April 22 Order").[1] The April 22 Order directed plaintiff, by no later than May 25, 2013, to serve on counsel for defendants responses to the following discovery *and* produce the requested documents:

a. Defendant County of Los Angeles' Interrogatories to Plaintiff (Set One);

b. Defendant County of Los Angeles' Request for Documents to Plaintiff (Set One);

c. Defendant Deputy Rodriguez's Interrogatories to Plaintiff (Set One);

d. Defendant Deputy Rodriguez's Request for Documents to Plaintiff (Set One);

e. Defendant Deputy Vargas' Interrogatories to Plaintiff (Set One); and

f. Defendant Deputy Vargas' Request for Documents to Plaintiff (Set One).

The Court cautioned plaintiff that a failure to comply with the April 22 Order and to provide defendants with the ordered discovery responses by the May 25, 2013 deadline would result in an Order imposing sanctions on plaintiff pursuant to Rule 37(b)(2)(A)(i)-(vii) and (b)(3) of the Federal Rules of Civil Procedure.

On May 13, 2013, plaintiff filed a motion seeking a 60–day extension of the May 25,

---

*Ass'n*, 503 F.3d 217, 224 (3d Cir.2007)). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir.2008); *see, e.g., Daley*, 538 Fed. Appx. at 143 ("Here, the District Court's Memorandum Order contained its reasoning for dismissing Daley's complaint and therefore did not comply with Rule 58.").

1. The Motion To Compel contained competent evidence establishing that: on January 11, 2013,

counsel for defendants served on plaintiff the six discovery items (interrogatories and requests for production of documents) described *infra* (the "Discovery"); plaintiff's responses to the Discovery were due by February 13, 2013; plaintiff did not respond to the Discovery by that deadline; on February 28, 2013, counsel for defendants wrote to plaintiff and extended his deadline for responding to the Discovery to March 11, 2013; and plaintiff still failed to respond to the Discovery. The Court has reviewed the Discovery and found it to be appropriate and nonobjectionable.

2013 deadline set by the April 22 Order. On May 22, 2013, the Court granted plaintiff's motion and extended his deadline for compliance to July 24, 2013, although it cautioned plaintiff that no further extension of time would be granted.[2]

On August 13, 2013, defendants filed a Motion For Terminating Sanction And/Or Involuntary Dismissal, Or In The Alternative, Motion For Evidentiary Sanctions And Issue Sanctions; And Request For Monetary Sanctions ("Motion"). The Motion was supported by a declaration of counsel and exhibits, as well as each defendant's Statement Of Disputed Discovery And Memorandum Of Law ("Statement"). On August 14, 2013, the Court issued an Order directing plaintiff to file and serve his Opposition to the Motion by no later than September 16, 2013. The August 14, 2013 Order cautioned plaintiff that the failure to file and serve an Opposition to the Motion by the September 16, 2013 deadline would be presumed to be consent to a grant of the Motion and could result in the Court issuing a recommendation that this action be dismissed.

Plaintiff did not file an Opposition to the Motion by the September 16, 2013 deadline as ordered. On October 2, 2013, the Court issued an Order To Show Cause Re: Dismissal Of Action ("OSC"). The OSC summarized the above procedural history of the case, noted plaintiff's failure to file an Opposition to the Motion, and stated:

> The Sanctions Motion contains competent evidence that plaintiff has failed to respond to the above-noted discovery propounded by defendants, despite two Court orders requiring plaintiff to do so. The Court's Orders of April 22, 2013, and May 22, 2013, provided plaintiff with ample, repeated advice about the consequences that could ensue if he failed to respond to discovery requests, as this Court has ordered. Plaintiff's persistent noncompliance with his discovery obligations and this Court's Orders—in the face of repeated warnings that this action could be dismissed as a

result of such noncompliance—appears to indicate that plaintiff no longer wishes to pursue this action.

> Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and/or 41(b). **By no later than October 30, 2013,** plaintiff shall file a response to this Order To Show Cause if he wishes to pursue this action, in which he explains why he has ignored the Court's Orders and his discovery obligations and establishes, by competent evidence, good cause for the continuance of this action. The failure by plaintiff to file such a response by the October 30 deadline and/or the failure to provide the required explanation and good cause in his response will be deemed to constitute a concession by plaintiff that this action should be dismissed.

The OSC further provided that plaintiff could discharge his obligation under the OSC by submitting proof—by no later than October 30, 2013—that he has, in fact, complied with his discovery obligations and this Court's April 22 Order.

It is now over a month past plaintiff's deadline for responding to the OSC. Plaintiff has not responded to the OSC or otherwise contacted the Court.[3] Once again, plaintiff has ignored an Order of this Court—despite ample warnings of the consequences of doing so—and has failed to comply with his discovery obligations and court orders. As a result of plaintiff's refusal to comply with his obligations, this action is stalled, with no evidence that plaintiff intends to prosecute this action, meet his discovery obligations, and comply with court orders. Accordingly, as discussed below, the Court recommends that the Motion be granted in part and that terminating sanctions be imposed.

## DISCUSSION

The Motion seeks the dismissal of this action and/or other sanctions pursuant to

---

2. The Court also, *sua sponte,* extended the deadlines established by its December 11, 2012 Case Management Order.

3. On November 13, 2013, defendants' counsel filed a Supplemental Declaration, in which she states that she had not received from plaintiff a response to the OSC or responses to the Discovery as repeatedly ordered by the Court.

Rule 37(b)(2)(A) and (C) of the Federal Rules of Civil Procedure and/or the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Supreme Court held that the question of whether dismissal should be ordered because of noncompliance with a discovery order "depends exclusively upon Rule 37" and that "[t]here is no need to resort to Rule 41(b)." *Id.* at 207, 78 S.Ct. at 1093. The Supreme Court concluded that the lower courts erred in relying upon Rule 41(b) and/or the "inherent power" of federal courts in dismissing a complaint for failure to provide discovery, as Rule 37 deals specifically with disobedience of discovery orders and reliance upon such other provisions "can only obscure analysis of the problem." *Id.* In a subsequent decision, the Supreme Court reiterated the *Societe Internationale* rule, but concluded that federal courts are not precluded from relying on their "inherent power" to sanction bad faith conduct when otherwise applicable federal statutes or rules providing for sanctions "are not up to the task." *Chambers v. NASCO, Inc.*, 501 U.S. 32,49 n. 14, 50, 111 S.Ct. 2123, 2135 n. 14, 2136, 115 L.Ed.2d 27 (1991).

Here, there is no suggestion, or basis for finding, that Rule 37(b) is "not up to the task" of serving as the predicate for considering defendants' sanctions request. As the Supreme Court observed in *Societe Internationale*, under Rule 37(b), a party " 'refuses to obey' simply by failing to comply with an order" and that, as "[s]o construed the Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation." 357 U.S. at 208, 78 S.Ct. at 1094. Accordingly, the Court concludes that dismissal of this action pursuant to Rule 41(b) is inappropriate and will resolve the Motion, and defendants' request for sanctions, pursuant to Rule 37(b).

*The Standards Governing The Imposition Of Sanctions Under Rule 37(b)(2)(A)*

Rule 37(b)(2)(A) provides the Court with the power to issue such sanction orders as are "just" when a party has failed to comply with discovery orders. Such sanctions may include, *inter alia*, an order that the subject matter of the discovery shall be taken to be established in accordance with the defendant's defense, or that the plaintiff may not support or oppose designated claims or defenses or introduce designated matters into evidence, or dismissing the action in whole or in part, or finding the plaintiff to be in contempt of court. Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii); *see also Roadway Express v. Piper*, 447 U.S. 752, 763, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980).[4] The sanction to be ordered is within the Court's discretion, and if the sanction ordered is less than dismissal, the plaintiff's noncompliance need not be proven to be wilful or in bad faith. *See, e.g., Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir.1976); *see also Societe Internationale*, 357 U.S. at 208, 78 S.Ct. at 1094 (as noted above, for purposes of Rule 37(b)(2), "a party 'refuses to obey' simply by failing to comply with an order"). If, however, the contemplated sanction is dismissal, dismissal is appropriate only if the plaintiff's noncompliance is " 'due to wilfulness, bad faith or fault.' " *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (citation omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.2007). This requirement, however, does not require a finding of wrongful intent or any particular mental state. Rather, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003) (citation omitted); *see also Henry*, 983 F.2d at 948 (same).

Before case-dispositive sanctions may be ordered pursuant to Rule 37(b)(2)(A), in addition to determining whether the requisite wilfulness, bad faith, or fault exists, a court

---

**4.** These same sanctions may issue when a party fails to respond to interrogatories or a Rule 34 document request. Fed.R.Civ.P. 37(d)(3).

must consider and weigh the following five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *See, e.g., Connecticut General,* 482 F.3d at 1096; *Henry,* 983 F.2d at 948. When the violation of a court order serves as the basis for a terminating sanction request, factors (1) and (2) support the imposition of such sanctions and factor (4) cuts against them, and thus, factors (3) and (5) are the critical factors to consider. *Valley Eng'rs, Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998); *Henry,* 983 F.2d at 948.

■■■ Plaintiff is a prisoner proceeding on a *pro se* basis in this case. A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but *pro se* status does not excuse intentional noncompliance with discovery rules and court orders. *See Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir.2000) (affirming the imposition of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Gordon v. County of Alameda,* 2007 WL 1750207, at *5 (N.D.Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); *Handwerker v. AT & T Corp.,* 211 F.R.D. 203, 208–09 (S.D.N.Y.2002) ("giving appropriate recognition as necessary to the difference of status, Rule 37 sanctions may be applied to pro se litigants no less than to those represented by counsel"); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (opining that "[i]f a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant," and affirming the dismissal of a *pro se* prisoner's complaint as a discovery sanction). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *see also Ghazali v. Moran,* 46 F.3d 52, 53–54

(9th Cir.1995) (*per curiam* ) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal," because "all litigants, including pro ses, have an obligation to comply with court orders." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (affirming Rule 37(b)(2) dismissal of *pro se* plaintiff's case in view of his failure to appear for deposition "in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action").

### Plaintiff's Noncompliance Was Wilful

The record establishes that the Discovery was served upon plaintiff in mid-January 2013. The interrogatories served by defendants required plaintiff to state the facts that support his contentions that each defendant violated his federal constitutional rights based upon the alleged events of May 5, 2011, including plaintiff's allegations: of false arrest without probable cause; of excessive force; that each defendant was aware that plaintiff was in serious medical need; and that plaintiff sustained serious injury and damages. With respect to defendant County of Los Angeles, plaintiff was required to: state the facts that support plaintiff's *Monell* allegations; identify those persons having knowledge of such contentions and facts; and identify all health care facilities at which plaintiff was examined and treated. (*See* Statement filed by each defendant, which sets forth *verbatim* the interrogatories served upon plaintiff.) The Rule 34 document requests served by each defendant required plaintiff to produce documents relevant to his contentions and allegations, including those that pertain to his allegations of injury, lost income, and other damages. (*See* Statement filed by each defendant, which sets forth *verbatim* the document requests served upon plaintiff.)

As outlined above, plaintiff ignored the Discovery, and then ignored the letter of defendants' counsel extending his time to respond to it. When defendants were forced to seek the Court's assistance by filing the Motion To Compel, plaintiff ignored the Motion To Compel. After the Court issued the April 22 Order—in which it granted the Motion To Compel, directed plaintiff to respond to the Discovery, and cautioned that any further noncompliance by plaintiff could result in the imposition of sanctions, including terminating sanctions—plaintiff filed a request for an extension of time to comply with the Discovery. His sole proffered excuse for ignoring his discovery obligations was that he is "in custody" and lacks "funds to get the paper work wanted by Defendant."[5] Plaintiff did not identify any document he did not possess or could not afford to obtain. In any event, plaintiff's incarceration and indigency cannot and do not excuse his failure to respond to the interrogatories served upon him or his failure to produce any non-medical record documents he possesses and/or to advise defendants whether or not responsive documents exist and, if so, why plaintiff is unable to produce them. Put otherwise, plaintiff did not proffer any plausible justification or excuse for his complete noncompliance with the Discovery.

After the Court granted plaintiff the extension of time he requested, plaintiff again failed to respond to the Discovery, and defendants again were forced to seek the Court's assistance by filing the instant Motion. The Court ordered plaintiff to respond to the Motion and explicitly cautioned him that failing to do so likely would lead to the dismissal of this action. Nonetheless, plaintiff ignored the Court's Order and the Motion. To afford plaintiff a further, final chance to explain his ongoing noncompliance before recommending that sanctions be imposed, the Court issued the OSC and, for the third time, expressly warned plaintiff that the dismissal of this action could occur if he once again ignored the Court's Order. Plaintiff, once more, disregarded the Court's advice and failed to respond.

The record makes clear that plaintiff received the Discovery as well as the Motion To Compel and this Court's related April 22 Order; he has admitted his receipt of these documents. There is no reason to believe that plaintiff did not receive the instant Motion, the Court's related August 14, 2013 Order, and the OSC; all three were served upon plaintiff at his docket address of record, and none of these documents has been returned by the U.S. Postal Service. In short, the record compels the conclusion that plaintiff is aware of the Discovery, defendants' related motions, and this Court's attendant orders directing plaintiff to respond to the Discovery and the two motions, yet plaintiff has disregarded them all. The record also makes clear that plaintiff's failure to respond to the Discovery to the extent he plainly could do so—*i.e.*, by responding to the interrogatories and producing those documents within plaintiff's possession and/or advising defendants why documents could not be produced or that responsive documents do not exist—was not outside his control. Rather, it was a choice he made. Plaintiff could have responded to the Discovery, but he simply did not bother to do so, despite being provided with substantial extensions of time by both defendants' counsel and the Court, and despite a court order directing plaintiff to respond to the Discovery or risk sanctions. Plaintiff's persistent noncompliance is even more perplexing in the light of the numerous warnings he was given that his continued noncompliance would cause this action to be dismissed. The only conclusion that can be drawn from plaintiff's cavalier behavior is that he simply does not care about meeting his obligations as a plaintiff in this case and has no intent to do so.

For these reasons and under the prevailing legal standards discussed earlier, the Court concludes that plaintiff's failure to respond to the Discovery, as well as his failure to comply with the April 22 Order, the August 14, 2013 Order, and the OSC, was wilful for purposes of Rule 37(b)(2).

---

**5.** Plaintiff vaguely intimated that there were unspecified medical records he needed to obtain, although he did not identify any efforts he had made to do so.

### The Governing Factors Militate In Favor Of Dismissal

■ As noted above, under Ninth Circuit authority, the first and second factors of the five-factor test support dismissing this case as a sanction under Rule 37(b)(2)(A)(v). Plaintiff has flouted several of this Court's Orders, which has caused this action to come to a stall and to consume an unwarranted and inordinate amount of this Court's time and resources to deal with a problem arising solely from plaintiff's failure and refusal to meet his discovery obligations and to comply with court orders. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (affirming a dismissal under Fed.R.Civ.P. 41(b) based on the same five-factor test and finding the first and second factors "strongly support[ed]" dismissal when the *pro se* plaintiff's "vexatious noncompliance" with the court's orders caused the case to drag on and consume "large amounts of the court's valuable time").

While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who repeatedly ignore court orders and who refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits. Plaintiff cannot legitimately expect this case to proceed to a merits disposition if he refuses to provide defendants with *any* discovery. *See In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1228 (9th Cir.2006) (the fourth factor " 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation omitted).

■ As also noted earlier, the third and fifth factors of the five-factor test are the critical elements here. With respect to the latter, *i.e.,* the availability of less drastic sanctions, the Court concludes that the fifth factor favors dismissal. After plaintiff ignored both the Discovery served upon him and defense counsel's letter noting his noncompliance and extending his response deadline, defendants were forced to file the Motion To Compel, which plaintiff ignored. Plaintiff thereafter was warned three times, explicitly and unequivocally, that his continued failure to respond to the Discovery and comply with this Court's orders could result in the sanction of dismissal. The April 22 Order made clear that if plaintiff did not provide responses to the Discovery as ordered, sanctions (including dismissal) would follow. Nonetheless, plaintiff failed to provide the ordered responses.[6] The August 14, 2013 Order cautioned plaintiff that, if he did not file an Opposition to the instant Motion, the Court would deem him to have consented to a grant of the Motion and would recommend that this action be dismissed. Plaintiff again ignored the Court's order. In a last ditch effort to give plaintiff a final chance to show that he actually is interested in proceeding with this case, the Court issued the OSC, which made crystalline clear that this action would be dismissed if he did not respond. Plaintiff, once again, ignored this warning.

Warnings and threats of dismissal plainly have no effect on plaintiff. Thus, there is no reason for believing that a sanction less than dismissal would cause him to participate in this action.[7] *See Hester v. Vision Airlines, Inc.,* 687 F.3d 1162, 1170–71 (9th Cir.2012) (affirming discovery sanction striking defendant's answer and rejecting defendant's argument that the fifth factor was not met because the district court did not first implement a lesser sanction and reasoning as follows: the fact that a court does not first impose a lesser sanction is not dispositive and "is just one factor"; when a court finds

---

6. Plaintiff failed to do so even though the Court granted him an additional 60 days in which to comply with the April 22 Order, by providing the ordered discovery responses. This extension of time "constituted an attempt at a less drastic sanction to that of outright dismissal" and thus, tends to support a finding that the fifth factor warrants dismissal. *Ferdik,* 963 F.2d at 1262.

7. Plaintiff is incarcerated and is proceeding pursuant to a grant of leave to proceed without prepayment of the full filing. Thus, the imposition of monetary sanctions as a motivating sanction to prod his compliance with his discovery obligations and the Court's Orders is not a realistic option.

wilful disobedience of court orders, it can reasonably conclude that lesser sanctions would be pointless; and it is appropriate for a court to reject lesser sanctions when it anticipates further misconduct); *In re PPA*, 460 F.3d at 1229 ("explicit discussion of alternatives is not necessary for a dismissal order to be upheld" and "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement") (citations omitted).

Finally, the third factor—the risk of prejudice to defendants—weighs heavily in favor of dismissal in this case. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990). "Failure to produce documents as ordered is considered sufficient prejudice." *Id.* "The law also presumes prejudice from unreasonable delay." *In re PPA*, 460 F.3d at 1227.

The presumption of prejudice to defendants caused by plaintiff's wilful failure to respond to the Discovery and to comply with this Court's Orders is not rebutted. The allegations of the operative First Amended Complaint, which is not verified, are conclusory. Because plaintiff is a *pro se*, incarcerated litigant, there has been no Rule 26(a) initial disclosure in this case. Thus, defendants have been forced to rely solely on discovery as a means of ascertaining the facts and evidence on which plaintiff bases his claims and intends to proceed at trial. Plaintiff, however, will not participate in the discovery process, despite this Court's repeated Orders directing him to do so. Plaintiff, in short, has produced *no* evidence to defendants, despite multiple Court orders. Defendants cannot prepare for trial if plaintiff refuses to provide information regarding the facts, witnesses, and evidence on which he intends to rely to support his claims at trial. Thus, defendants have been prejudiced in their ability to prepare for trial. Accordingly, the Court concludes that the third factor militates in favor of dismissal. *See, e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1166–67 (9th Cir.1994) (finding prejudice due to plaintiffs' repeated failure to appear at scheduled depositions, which left defendants without crucial information and unable to construct their defense); *Handwerker*, 211 F.R.D. at 210 (in an employment discrimination case, finding the third factor met due to *pro se* plaintiff's refusal to provide information regarding her subsequent employment, which hindered her former employer's ability to prepare a defense).

Based upon the foregoing weighing of the five factors, the Court finds that the Rule 37(b)(2)(A)(v) sanction of dismissal is appropriate and warranted. Accordingly, the Court recommends that the Motion: be granted pursuant to Rule 37(b)(2)(A)(v) and that this action be dismissed as a result; and be denied in all other respects.

*Monetary Sanctions*

In addition to terminating sanctions, defendants request that they be awarded monetary sanctions in the amount of $930.00, which reflect the attorney's fees they have incurred in bringing the instant Motion. Defendants have submitted a declaration from their counsel that substantiates the incurrence of the attorney's fees requested. (Motion, appended Declaration of Amber A. Logan, ¶ 20.)

Under Rule 37(b)(2)(C), a court that has imposed sanctions pursuant to Rule 37(b)(2)(A) "must" order the sanctioned party to pay the reasonable expended incurred by the other party due to the noncompliance with a discovery order "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Plaintiff's noncompliance was not substantially justified. However, as discussed in Note 6, plaintiff is incarcerated and was granted leave to proceed without prepayment of the full filing fee based on an adequate showing of indigency. Accordingly, the Court concludes that an award of monetary sanctions would be unjust in this instance and declines to recommend such an award.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) granting the Motion pursuant

to Fed.R.Civ.P. 37(b)(2)(A)(v) and denying it in all other respects as outlined in this Report and Recommendation; and (3) directing that Judgment be entered dismissing this action pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v).

DATED: December 11, 2013.